FILED - USDC - FLMD - FTM
SEP 10 2026 AM11:52



# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

____Fort Myers______ Division

Stanley Longo

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Whole Foods Market
c/o CT Corporation System
(Registered Agent)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 2:26-cv-2513-KCD-NPM
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Stanley Longo |
| Street Address | 814 Desoto Ave |
| City and County | Lehigh Acres Lee County |
| State and Zip Code | Florida 33972 |
| Telephone Number | 239 209-1983 |
| E-mail Address | LisLongo @ AOL . com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Whole Foods |
| Job or Title *(if known)* | |
| Street Address | 1200 South Pine Island Road |
| City and County | Broward County Plantation |
| State and Zip Code | Florida 33324 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Whole Foods |
| Street Address | 6891 Danieles PKY |
| City and County | Fort Myers Lee County |
| State and Zip Code | Florida |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- [x] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

  *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [x] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

  *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- [x] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

  *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [x] Other federal law *(specify the federal law)*:

  Work Place Safety and Health Standards.

- [ ] Relevant state law *(specify, if known)*:

- [ ] Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation. Protected Activity
- [ ] Other acts *(specify)*: Hostile workplace. Protected Classes & Age

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

April 22 2025 (approx) April 18 2025 on going 2024-2025

C. I believe that defendant(s) *(check one)*:

- [ ] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

N/A

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [x] race White Male in a department of cultural differences.
- [ ] color
- [x] gender/sex Sexual innuendos - Work hour deduction
- [ ] religion
- [x] national origin Called Names
- [x] age *(year of birth)* 1952 *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*

Medical issues and body issues

E. The facts of my case are as follows. Attach additional pages if needed.

See: Statement of facts.
1-13 Pages 1-4

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Feb 2026

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☒ issued a Notice of Right to Sue letter, which I received on *(date)* 06-12-2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Submit Section VII Relief page 1

A . All lost wages, back pay and benefits from May 2 2025

B . Front pay for future lost earnings

C . Damages for emotional distress and damage to my reputation.

D . Punitive damages to punish the company for backdating my paperwork

E . Court costs and any other relief the court deems fair.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Sept 10 2024

Signature of Plaintiff: Stanley Longo

Printed Name of Plaintiff: STANLEY LONGO

### B. For Attorneys

Date of signing: ______

Signature of Attorney ______

Printed Name of Attorney ______

Bar Number ______

Name of Law Firm ______

Street Address ______

State and Zip Code ______

Telephone Number ______

E-mail Address ______

**STATEMENT OF FACTS:**

**1.** Plaintiff is a 73-year-old white male who worked for Defendant for 6.5 years, having 5 excellent annual job reviews. This placed him within "Protected Classes" under the ADEA and Title VII.

**2.** Throughout 2024 and 2025, Plaintiff complied with mandatory company policy by verbally reporting severe compliance and public health hazards to Management, including widespread employee time theft, flies on open foods, its displays, and unaddressed animal waste on store floors. PLUS, a tiny monkey and birds on their shoulders.

**3.** From 2024-2025, Plaintiff was subjected to a SEVERE hostile work environment where he was targeted with relentless sexual innuendos, curses, and repeatedly called the racial slur "Puto" by one, and "Gringo" by another. These were immediate department co-workers, and they were reported.

**4.** On April 13, 2025, Plaintiff engaged in Protected Activity, by reporting a critical workplace safety hazard with photographic evidence, and four witnesses present. This reported to Management, and refusing directive to destroy the proof on April 14th. This safety violation did violate both Federal standards and Internal Company policies.

**4 (a).** At all times relevant Defendant maintained a mandatory internal safety reporting policy reinforced by mandatory yearly tutorials and posters which explicitly directed employees to proactively report unstable displays and public health hazards. They expressly guaranteed a "no retaliation policy".

**5.** On April 18, 2025, Plaintiff was targeted with the derogatory national origin/homophobic slur "Puto" for the fourth time by a co-worker. Plaintiff reported this severe discrimination to the General Manager and Supervisor in office while experiencing visible physical distress. Defendant offered no medical care and instead issued a verbal dressing-down for going home sick (which Plaintiff rarely would ever do).

**6.** On April 22 (approx.), Defendant retaliated by drastically slashing Plaintiff's work hours down to 5 hours, so hours could be given to a younger, female worker, constituting clear age, race, and sex discrimination and retaliation.

**6 (a).** While my hours were being systematically reduced, Defendant was already secretly training a much younger female floater in my specific department. This individual had only been hired approximately two weeks prior and spoke NO English.

**6 (b).** I subsequently learned from a relaiable source that this younger female floater was "waiting in the wings" to take my exact job title, and she was officially placed into my position the very next day following my May 2nd, 2025 termination. She ultimately only lasted in the role for approximately a couple of weeks.

**7.** On May 1, 2025, Plaintiff engaged in further protected activity by explicitly notifying a Trainer Manager of his intent to seek further assistance from EEOC regarding the ongoing discrimination, hostile work environment, and hours reduction.

**8.** On May 2, 2025, less than 24 hours after the EEOC was mentioned, the Defendant brought the Plaintiff into a Loss Prevention interrogation meeting. The investigator began the Zoom meeting with only my Supervisor and I in the room at all times. Then making a shocking, unverified allegation that I had taken store-dispensed water into my own five-gallon jugs preceseiely 100 times. I reacted in sudden, stressful shock and immediately objected to the accusation.

**8 (a).** In response to my shock, the investigator immediately began using leading questions to trap me, asking: "Okay, judging by your reaction, how many times did you not pay for the water?"

**8 (b).** At that moment, I was sitting there feeling extremely dizzy, physically ill, and suffering from cognitive confusion. The investigator aggressively pressured me to "give a number", stating: **"Come on, give me a number. Was it 80, 60, or something to that effect?" "Come on, give me a number".**

**8 (c).** Because I was completely turned around by my illness and the high-pressure questioning, I vaguely remember what I said next. I blurted out the number "30"- fully intending

questioning, I vaguely remember what I said next. I blurted out the number "30"- fully intending to mean the number of times I had actually purschased product from the store. What I said and what I actually meant were immediately taken out of context, and the investigator maliciously locked me into that number as a false admission.

**8 (d).** Following this verbal trap, the investigator demanded that I write out a formal statement admitting to theft, suggesting that HR might take it "into consideration" if I signed. Having the presence of mind not to incriminate myself with a false statement, I looked her in the eye and flatly stated, **"NO"**. When she asked, **"Why not"?** I repeated, **"No, I will not"**.

**8 (e).** A minute later, I was handed an Official Separation Document to sign. Recognizing that if I signed my name on that paper May 2nd, 2025, Loss Prevention, and HR could retroactively type **ANYTHING THEY WANTED** above my signature while holding the document in the shadows. I absolutely **REFUSED** to sign away my rights, the meeting then concluded. Upon clocking out and being escorted to the exit by my Supervisor, he explicitly said to Plaintiff, **"You'll be missed (name), and I'm happy you DID NOT SIGN ANY PAPERWORK"!**

**8 (f).** Approximately two days after I was let go, I contacted the Supervisor to demand my official termination paperwork to file unemployment benefits. I had to light a fire under the Supervisor, who stammered and made excuses, saying "Oh, I'll get right on it". Despite the promise, the company continued to stall and hide my paperwork for weeks.

**9.** On June 10, 2025, exactly 39 days after my termination, Defendant emailed me the "Official Team Memeber Separation Document". Even though this email was sent in June, the document featured the written dates of May 2nd, 2025 next to the signatures of two additional managers who were **NEVER** present during the Zoom call.

**10.** By marking me as **"NOT AVAILABLE"**, while simultaneously claiming I made a verbal theft confession to three Managers on May 2nd, Defendant created a direct physical contradiction. If I were present to confess to three individuals, I would have been **"AVAILABLE"** to sign. The "NOT AVAILABLE" designation is a fraudulent clerical trick that proves I was **NOT** present with those Managers and that I explicitly contested their

manufacture narrative.

**10 (a)**. I never gave the investigator, Human Services, or **ANYONE ELSE** at the company permission to sign documents for me, nor did I **EVER** authorize them to mark me down as "NOT AVAILABLE". Any claim by the company that this document was finalized with my consent or according to standard company rules is **COMPLETELY FALSE**.

## V. COUNT 1:

## RETALIATION

**11.** Plaintiff realleges and incorporates paragraphs, 1 through 10 of this complaint as if fully set forth herin.

**12.** Defendant took adverse employment actions against Plaintiff, including drastically decreasing his scheduled work hours and terminating his employment. This being in direct retaliation for Plaintiff engaging in protected activities under the ADEA, Title VII, and workplace safety standards.

13. Upon information and belief, the Loss Prrevention Zoom interrogation meeting was digitally recorded by Defendant's agents, and the unedited video recording contains definitive proof of Plaiintiff explicit refusal to sign the fraudulent allegations.

**Signed:** Stanley Longo Sept 10 2026

**Stanley Longo**

## Section VII Relief

Plaintiff respectfully requests that this court grant the following relief against the Defendant.

**A through E:**

A All lost wages, back pay and benefits from May 2nd, 2025.

B Front pay for future lost earnings.

C Damages for emotional distress and damage to my reputation.

D Punitive damages to punish the company for backdating my papaerwork.

E Court costs and any other relief the court deems fair.

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Stanley Longo

Stanley Longo

814 Desoto Avenue, Lehigh Acres, Fl. 33972

239)209-1988

LisLongo@aol.com

September 10 , 2026